### In re LITTLETON.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

INTOXICATING LIQUORS—LICENSES—MISTAKE IN CERTIFICATE—CORRECTION.
 Where by mistake the premises were described by a wrong street number in the liquor tax certificate, and a correction was refused by the commissioner of excise, and the dealer petitioned the Special Term for an order to show cause why an order should not be granted to amend the certificate, and the surety appeared without opposition, and the commissioner opposed but presented no affidavits, the Special Term had no authority to order a correction of the certificate nunc pro tunc on the filing of a new application and bond.

Appeal from Special Term, Orange County.

Judicial proceedings in the matter of the petition of Thomas Littleton for an order amending a liquor tax certificate. Appeal by Patrick W. Cullinan, as state commissioner of excise, from an order amending the certificate nunc pro tunc on the filing of a new application and bond. Reversed.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.
 99 N.Y.S.—27

William L. Thornton, for appellant.
Graham Witschief, for respondent.

JENKS, J. The petitioner, who had been engaged in the traffic of liquor at No. 274 Washington street, Newburgh, for a number of years, filed his application, statement, and bond for the purpose of continuance. By mistake the premises were described in the application, statement, and bond as No. 247 Washington street, and in due course a certificate was issued to him for traffic at a place thus numbered. Thereafter an inspector of excise discovered the mistake. Application was made to the department for a correction, but this was refused, with the requirement that the petitioner file a new application and bond and a petition for a transfer, under section 26 of the Liquor Tax Law (Laws 1896, p. 68, c. 112). As this required the payment of certain additional fees, the petitioner presented a petition to the Special Term for an order for the authorities and the surety to show cause why an order should be granted to amend the certificate. The surety appeared, and did not oppose. The commissioner of excise opposed, but did not present any affidavits. The Special Term ordered that, upon the filing of a new application and bond, with a correct designation by number of the premises, the outstanding certificate be amended nunc pro tunc.

There can be no question but that the misdescription was a mistake pure and simple. Under the circumstances, I cannot see how any one would be harmed if the commissioner, upon consent of the surety and the surrender of the outstanding certificate, had issued one corrected as to the number of the premises. But that is his concern, and I have no intention to criticise his attitude. The mistake is mutual. Without consent of the parties in any event, the court could not in this special proceeding correct the mutual mistake as if it had held a trial in equity. I am constrained, therefore, to advise the reversal of the order, but without costs, and a denial of the motion, without costs. All concur.